# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-04159-RGK-AYP | Date | April 30, 2026 |
| --- | --- | --- | --- |
| Title | *Jordan Van Hook v. FRC Balance, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| --- | --- | --- |
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| --- | --- |
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order to Show Cause Re: Timely Removal**

On March 10, 2026, Jordan Van Hook ("Plaintiff") filed the operative Class-Action First Amended Complaint ("FAC") against FRC Balance LLC ("Defendant") in state court alleging violations of the Labor Code. On April 17, 2026, Defendant removed the action to this Court on the basis of original jurisdiction under the Class Action Fairness Act ("CAFA").

"[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Failure to comply with the statutory time limit bars removal. *See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal as well, and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." *Roberson v. Orkin Exterminating Co.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

As stated above, Defendant removed this action on April 17, 2026, on the grounds of diversity jurisdiction, more than three months after Defendant was served with the Complaint. Defendant asserts that its removal was timely because the FAC "does not contain all facts and data to calculate the amount in controversy with reasonable certainty." (Notice of Removal at 2, ECF No. 1.) Specifically, Defendant states that the removal timeline has not yet begun and that it only recently discovered evidence that made the case removable. (*Id.*) In light of the facts alleged in the Complaint, which was served on January 8, 2026, and the fact that Defendant possessed the information required to calculate estimated

---

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 2 |
| --- | --- | --- |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-04159-RGK-AYP | Date | April 30, 2026 |
|---|---|---|---|
| Title | *Jordan Van Hook v. FRC Balance, LLC et al.* | | |

damages (such as wage information), the Court finds Defendant's argument implausible and disingenuous.

Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the action should not be remanded for untimely removal. Such a response **shall not exceed five pages** and must be filed **no later than May 7, 2026.**

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | JRE/sh |